18-1799
*In re Ladder 3 Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

---

IN RE: LADDER 3 CORP.,

> *Debtor.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LADDER 3 CORP.,

> *Debtor-Appellee*,

ROBERT J. MUSSO, as Chapter 7 Trustee of the Estate of Ladder 3 Corp.,

> *Plaintiff-Appellee*,

v.                                                                              18-1799

OTR MEDIA GROUP, INC.,

> *Defendant-Appellant*.

---

1

For Defendant-Appellant:          WAYNE GREENWALD, Wayne Greenwald, PC, New
                                  York, NY.

For Debtor-Appellee and
Plaintiff-Appellee:               DOV MEDINETS, Gutman Weiss, P.C., Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gershon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant OTR Media Group, Inc. ("OTR") appeals from a May 31, 2018 Opinion and Order of the United States District Court for the Eastern District of New York (Gershon, *J.*), affirming the September 14, 2017 decision of the United States Bankruptcy Court for the Eastern District of New York (Craig, *C.J.*) granting Plaintiff-Appellee Robert J. Musso's ("Ladder 3")[1] motion for summary judgment and denying Defendant-Appellant's motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When considering "an appeal from a district court's review of a bankruptcy court's decision, we conduct an independent examination of the bankruptcy court's decision." *In re Flanagan*, 503 F.3d 171, 179 (2d Cir. 2007) (citing *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007)). We review the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Id.*

OTR has only one argument on appeal. It contends that a stipulated settlement ("Stipulation"), which settled all claims between OTR and Ladder 3 and was approved by the Bankruptcy Court under Fed. R. Bankr. P. 9019(a), was rendered null by operation of 11 U.S.C. § 349(b)(3) when Ladder 3's underlying bankruptcy case was dismissed. Section 349(b)(3) states

---

[1] Musso is the Trustee of Chapter 7 Debtor-Appellee Ladder 3 Corp.

that "[u]nless the court, for cause, orders otherwise," the dismissal of a bankruptcy case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case." The basic logic of OTR's argument is as follows: Ladder 3's underlying bankruptcy case created a bankruptcy estate for Ladder 3. Then, the parties entered into the Stipulation, which vested in Ladder 3's estate the right to certain payments from OTR. Next, the underlying bankruptcy case was dismissed. That dismissal, according to OTR, nullified the Stipulation and revested the right to payments from OTR in OTR.

Both the Bankruptcy Court and the District Court below disagreed with this reasoning. The Bankruptcy Court concluded that § 349(b)(3) simply does not apply to the right to payments from OTR, because:

> Here, no property of the estate was vested in [OTR] prior to the [underlying bankruptcy proceeding]. The right to payment on [Ladder 3's] claims against [OTR] was not vested in any entity other than [Ladder 3] prior to [initiation of that proceeding]. Certainly it was not vested in [OTR]; [OTR] had no right to payment with respect to the claims asserted by [Ladder 3] against it . . . . Nor does the compromise of [OTR's] counterclaims by [OTR] pursuant to the Stipulation constitute a transfer of property to [Ladder 3] that was vested in [OTR] prior to the [underlying bankruptcy proceeding]. The Stipulation provides for the full and final settlement of those counterclaims along with the claims asserted by [Ladder 3] against [OTR]. The counterclaims were not assigned to [Ladder 3].

SPA-15–16. The District Court agreed, stating:

> [Section] 349(b)(3) did not revest the right to payment in OTR upon dismissal of the [underlying bankruptcy case] because OTR could not possibly have a right to payment on claims for which it was being sued. Thus, [the Bankruptcy Judge's] opinion, firmly rooted in well-established legal principles, clearly establishes that § 349(b) has no effect on the enforcement of the court-ordered Stipulation.

A-350. We agree with both courts. Under the plain meaning of § 349(b)(3), the provision operates only to *revest* property in entities that had a vested right in the property prior to the initiation of bankruptcy proceedings. *See also* Black's Law Dictionary 1093 (Abr. 8th ed. 2005)

3

(defining "revest" as "[t]o vest again or anew"). Here, OTR did not have a vested right to payments from itself prior to Ladder 3's initiation of the underlying bankruptcy case. As a result, § 349(b)(3) is inapposite.

*     *     *

We have considered OTR's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk